UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CRISTIE R. REYNOLDS, et al., | : | Case No. 1:13-cv-146 |
| | : | J. Beckwith |
| Plaintiffs, | : | |
| | : | |
| -v- | : | |
| | : | Magistrate Judge |
| CHIPOTLE MEXICAN GRILL | : | Karen L. Litkovitz |
| | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER

The parties hereto having stipulated to the entry of a protective order under Fed. R. Civ. P. 26(c), and it appearing to the Court that such an order is necessary, appropriate, will facilitate discovery, and will protect the rights of the parties, it is hereby ORDERED that:

1) Either party may designate as "confidential" any documents, or deposition transcript or exhibits reflecting the contents of such documents, which it believes should be subject to the terms of this Protective Order. Such information shall be that which the designating party in good faith believes is privileged or confidential under Ohio or federal law, such as, medical, financial or proprietary information, information that may invade the privacy of third parties, and information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, documents relating to academic misconduct that are confidential under 42 C.F.R. § 93.108(a), and documents containing HIPAA protected health information, but may not include publicly available information or information such as documents maintained by the University of Cincinnati which are subject to the Public Records Act. Any documents designated as "confidential" by a party under this paragraph shall be clearly labeled "confidential" prior to their production. Any confidential documents already produced shall be automatically deemed confidential material so long as the producing party so designates by identifying such documents in writing to the other party no fewer

than 14 days after the date this Protective Order is entered by the Court.  Duplicate copies of documents or transcripts so designated shall be deemed confidential.  Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within fourteen days of receipt of the transcript or entry of this Order.  Such designation must identify with reasonable particularity the testimony that is to be designated as confidential.  The parties shall not designate any document or testimony as "confidential" unless they have a good faith belief that the document is entitled to that protection under existing law.

    2)    The Court will resolve any disputes regarding what documents, deposition transcripts, or exhibits will be treated as confidential under this Order, in accordance with the Local and Federal Rules.  In the case of a dispute, the party asserting confidentiality shall have the burden of demonstrating same.

    3)    All Confidential Material and documents designated as Confidential shall be maintained in confidence and shall be used solely for the purpose of conducting this litigation.  Confidential Material may be disclosed only to the following persons, or as may be required to present this action at trial:

    A.    Attorneys of record for any party to this action, and their employees, co-workers, legal support personnel, representatives, contractors and agents;
    B.    The parties to this action;
    C.    The Court, all subsequent appellate courts, and their personnel;
    D.    Witnesses, potential witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;
    E.    Any arbitrator or mediator designated in this action;
    F.    Any court reporter employed in connection with a deposition in this litigation.

    4)    After the litigation is completed, documents designated as "confidential" shall, at the written request of the producing party, be returned to the other party or destroyed along with all

copies thereof. Nothing in this paragraph shall require dismantling, destruction or return of confidential information contained or reflected in attorney work product, or in other documents such as pleadings, correspondence or deposition testimony, trial testimony, deposition exhibits, or trial exhibits if such work product or other documents are maintained by counsel in strictest confidence.

5) A party who produces any document subject to attorney-client privilege under Ohio law without intending to waive the claim of protection associated with the document may, within ten (10) days after the producing party actually discovers that the inadvertent production occurred, amend its discovery response and notify the other party that the document was inadvertently produced and should have been withheld as protected. Such protected documents may include, but are not limited to, privileged communications and attorney work-product material. Once the producing party provides notice to the requesting party, the requesting party must (a) promptly return the specified document and any copies thereof; (b) destroy or redact, and certify the destruction or redaction to the producing party, including any notes or any other documents it created that reflect the contents of the specified document; and (c) refrain from disclosing the substance of the specified document to any third party, including the Court. The requesting party shall provide written certification of compliance within thirty (30) days of the producing party's notice. This provision does not apply to deposition transcripts, trial transcripts, deposition exhibits, trial exhibits or other court filings.

6) The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as privileged material shall not waive any privilege for that document or for the subject matter of the inadvertently disclosed document if the producing party requests its return in accordance with ¶ 5 hereof and takes reasonable precautions to avoid inadvertent disclosure.

3

7) This Order shall not be deemed to limit a party's use of documents or information that was lawfully in either party's possession prior to the filing of this action to the extent that party was originally authorized to use that information.

8) Documents shall only be filed under seal if the Court has ordered that they be filed under seal. In the event that Plaintiff or Defendant intends to include any document or information designated as "Confidential" or "Subject to Protective Order" in any filing with the Court, counsel for that party shall serve on all parties, a notice that the documents are, or are claimed to be, subject to this Protective Order, at least seven (7) days prior to filing or submitting such documents to the Clerk. Any party may move that any document – with the exception of motions, memoranda, or other briefs – intended to be filed or submitted to the court be sealed from public view. The motion may be granted upon a showing to the court that good cause exists.

Parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or "Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal. Any folder, envelope or other device used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL" and any other information required by S.D. Ohio Civ. R. 79.3(b). Thereafter, the Clerk shall maintain the documents under seal in accordance with the provisions of this Protective Order. In the event that any such document or information is the subject of witness examination at a deposition, hearing, trial, or other proceeding held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages of any transcript thereof so designated. Any such "Confidential" or "Subject to Protective Order" material filed under seal shall

be accessible to the Court, Plaintiff, Plaintiff's counsel of record, Defendant, and Defendant's counsel of record.

9) Any third party, such as expert witnesses or vendors, retained by either party in the course of this action shall be provided a copy of this Order and shall be bound by its terms.

10) In the event of an inadvertent disclosure of privileged documents and upon timely notice by the producing party, the requesting party shall have the obligation to retrieve any such documents from third parties retained by the requesting party.

11) The term "document" means any printed, typewritten, handwritten or otherwise recorded matter of whatever character, whether a copy, preliminary draft or original, including but not limited to, letters, computer or digitally stored files, e-mail, fax or correspondence, memoranda, notes, statements, notebooks, minutes, reports, worksheets, handbooks, manuals, pamphlets, brochures, diaries, calendars, stenographic notes, analyses, forecasts, announcements, publications, press releases, photographs, video and audio tape recordings, motion pictures, tabulations, graphs, charts, maps, telegrams, agreements, contracts, affidavits, transcripts, printouts or other stored information from computers or other information retrieval systems, and any copies of the foregoing that are different from the original or other copies because of notations or markings.

12) This Order is subject to modification by the Court upon application of either party and a showing of good cause.

13) This Protective Order shall have no effect on the use of designated documents at trial. Any person seeking to designate documents as confidential at trial shall have the burden of proof on the issue of confidentiality. This Protective Order does not affect any party's right to assert that <u>in camera</u> review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding Confidential Material. The provisions of this Order shall not affect

the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. Nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable.

COUNSEL FOR PLAINTIFFS

/s/ *Katherine Daughtrey Neff*
Kelly Mulloy Myers (0065698)
Katherine Daughtrey Neff (0082245)
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
(513) 721-1975/Fax: (513) 651-2570
*kmyers@frekingandbetz.com*

COUNSEL FOR DEFENDANT

/s/ *Tanya E. Milligan* (per e-mail authorization)
Tanya E. Milligan (*Pro Hac Vice*)
Jacqueline R. Guesno (*Pro Hac Vice*)
Danielle T. Felder (*Pro Hac Vice*)
MESSNER & REEVES, LLC
1430 Wynkoop Street, Suite 400
Denver, CO 80202
(303) 623-1800/Fax: (303) 623-0552
*tmilligan@messner.com*
*jguesno@messner.com*
*dfelder@messner.com*

Stephen S. Zashin (0064557)
B. Jason Rossiter (0069775)
ZASHIN & RICH CO., LPA
55 Public Square, 4th Floor
Cleveland, OH 44113
(216) 696-4441/Fax: (216) 696-1618
*ssz@zrlaw.com*
*bjr@zrlaw.com*
*eas@zrlaw.com*

IT IS SO ORDERED.

*Karen L. Litkovitz*
Magistrate Judge Karen L. Litkovitz