1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - -

```
ELIZABETH A. ROGERS,          .   CASE NO. 1:13-cv-146
TINA M. REYNOLDS,             .
     and                      .
STEPHANIE L. OCHOA,           .
                              .
          Plaintiffs,         .   Cincinnati, Ohio
                              .
       - v -                  .   Monday, February 1, 2016
                              .   Morning Session
CHIPOTLE MEXICAN GRILL,       .   Sixth Day of Jury Trial
                              .
                              .   **The Court's Oral Ruling**
          Defendant.          .   **Regarding Document 176**
. . . . . . . . . . . . . . . . .
```

EXCERPT OF TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SANDRA S. BECKWITH, SENIOR JUDGE

APPEARANCES:

For the Plaintiffs:     RANDOLPH H. FREKING, ESQ.
                        KELLY MULLOY MYERS, ESQ.
                        KATHERINE D. NEFF, ESQ.
                        Freking, Myers & Reul, LLC
                        525 Vine Street
                        Sixth Floor
                        Cincinnati, Ohio  45202

For the Defendant:
JACQUELINE R. GUESNO, ESQ.        BRITT JASON ROSSITER, ESQ.
KATHLEEN MOWRY, ESQ.              STEPHEN S. ZASHIN, ESQ.
ALLISON J. DODD, ESQ.             Zashin & Rich Co., LPA
Messner & Reeves, LLP             55 Public Square, 4th Floor
1430 Wynkoop Street, Suite 300    Cleveland, Ohio  44113
Denver, Colorado  80202

Also Present:           Lillianne Santos (Corp. Rep.)

Law Clerk:              Laurie J. Nicholson, Esq.

Courtroom Clerk:        Mary C. Brown

Court Reporter:         Mary Ann Ranz
                        810 Potter Stewart U.S. Courthouse
                        100 E. 5th Street
                        Cincinnati, Ohio  45202

2

1 MONDAY, FEBRUARY 1, 2016
2 Sixth Day of Jury Trial
3 P R O C E E D I N G S
4 BEFORE THE COURT: (8:46 A.M.)
5     THE CLERK: Please be seated.
6     THE COURT: I want to go on the record this morning
7 to formally deny plaintiff's motion to reconsider the Court's
8 Order entered January 27th concerning the accuracy of certain
9 documents and for an adverse inference instruction, and this
10 is Document 176.
11     The defendant has filed a response, Document 177.
12     And the motion is denied for all the reasons stated in the
13 original Order, as well as the arguments of the defense in
14 Document 177.
15     Defendant's Exhibit 37 says, according to plaintiffs, has
16 Ms. Rogers' name in the body of the document. That's been the
17 consistent story. The body is correct. The names at the top
18 of the document are auto-populated incorrectly, because they
19 reflect the names of the people that hold the positions at the
20 time that the SSR audit was printed out.
21     So, I'm inclined to believe at this point, nothing's been
22 shown to me to the contrary, that the auto-population was just
23 an innocent error and I see no harm to the plaintiffs, and I
24 do not accept the argument that the auto-populating is
25 alteration or destruction of evidence.

1      The printing out of these documents, as I understand it,
2 is as a result of this litigation.  Ordinarily, they'd simply
3 be kept electronically.
4      And with regard to the work schedule, the plaintiff -- or
5 the defense, excuse me, can only preserve and produce what it
6 has.  And the defense says they don't keep the work schedules,
7 and I see nothing to the contrary from the plaintiffs.  And
8 it's pretty much black letter law that a party need not change
9 documents kept in the ordinary course of business to a
10 different format for the benefit of opposing counsel.
11     So, that's the short version.  The motion to reconsider is
12 denied.  Time permitting, a formal order will be filed.  But
13 at any rate, you know the ruling and you know the reasons.
14     Anything else you want to bring up before the jury comes
15 in at nine?
16          MR. FREKING:  Your Honor, briefly.  I guess our
17 motion on Friday preserved our objection to this ruling.
18     And I'll point out to the Court that, you know, we
19 received these documents last night about -- the corrected
20 documents -- about 8 o'clock last night, and we think that
21 demonstrates how easily this could have been done much earlier
22 in the litigation to get the records accurate.
23     But to the -- to the extent the Court permits this and we
24 have permitted this, the defendant had agreed that the jury
25 can be told that the documents were corrected at the direction

1  of the Court, because there have even been documents already
2  admitted into evidence, like when Mr. Botts was testifying,
3  that contained incorrect information, so I'm not exactly sure
4  how we handle that.
5      With respect to the work schedules, once they were on
6  notice in March of 2012 of pending litigation, they were then
7  under the obligation of preserving any evidence, and that only
8  relates to Ms. Rogers' claim.  And I don't think there's a
9  sufficient showing that there has not -- that they didn't have
10 those work schedules as of March 2012.
11          THE COURT:  The burden's on you to show that they
12 did.  There's nothing from you that shows me that they did
13 have them.
14          MR. FREKING:  Well, other than the fact that their
15 document itself, Defendant's Exhibit 37, is printed out in
16 July of 2014.  They're not showing us documents that were
17 produced in March, April, May of 2012.  We don't know what
18 happened to those schedules.  I don't know how we can prove
19 that, Your Honor, other than the fact that they're different.
20 They're produced in July of 2014.  But, okay.  I mean, all we
21 want to do is --
22          THE COURT:  That said, anything else, folks, before
23 the jury comes in at nine?
24          MS. GUESNO:  Can I run to the bathroom real quick?
25          THE COURT:  Sure.  You've got about eight minutes; I

```
                                                           5

 1   think you can do that.
 2           MR. FREKING:  Thank you, Your Honor.
 3           THE CLERK:  All rise.              (8:52 A.M.)
 4                          *   *   *
 5                          -   -   -
 6               CONCLUSION OF REQUESTED EXCERPT
 7                          -   -   -
 8
 9
10                     C E R T I F I C A T E
11       I, Mary Ann Ranz, the undersigned, certify that the
12   foregoing is a correct transcript from the record of
13   proceedings in the above-entitled matter.
14
15
     s/Mary Ann Ranz
16   Official Court Reporter
17
18
19
20
21
22
23
24
25
```